# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:05CR56-C

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>    Plaintiff,              )<br>                              )<br>    v.                        )<br>                              )<br>SALVADOR CASTELLANOS GARCIA, )<br>    Defendant.                )<br>_____) | ORDER |

**THIS MATTER** comes before the Court on the defendant's document captioned as a "Motion For Printing Of The Record And Transcripts," filed October 19, 2006; and one captioned as a "Motion For Stay And Tolling For Time To Appeal §2255," filed December 29, 2006.

According to the record of this matter, on March 2, 2005, the defendant was named in a two-count Bill of Indictment which charged him with possessing or aiding and abetting the possession with intent to distribute at least 500 grams of cocaine base, in violation of 18 U.S.C. §2 and 21 U.S.C. §§841(a)(1) and (b)(1)(A) (Count One); and he was charged with using and carrying a firearm during and in relation to the foregoing drug trafficking offense, in violation of 18 U.S.C. §924(c)(1). In addition to those charges, the defendant was given a notice of forfeiture for certain property which allegedly was either the proceeds of, or used in the commission of the above-listed offenses.

On July 15, 2005, the defendant appeared before the Court and tendered straight-up guilty pleas to the two charges which he was facing. At the conclusion of that proceeding, the defendant's guilty pleas were accepted by the Court. Thereafter, on October 17, 2005, the defendant appeared before the Court, and was convicted and sentenced to consecutive terms of 60 months imprisonment.

The defendant directly appealed his case to the Fourth Circuit Court of Appeals. However, on July 31, 2006, the appellate Court entered an unpublished opinion, affirming the defendant's convictions and sentences. The appellate Court's mandate was entered on August 24, 2006. A review of the Fourth Circuit Court of Appeals' docket reflects that the defendant did not seek certiorari review in the U.S. Supreme Court.

Instead, on October 19, 2006, the defendant returned to this Court on the instant Motion for Printing. In that Motion, the defendant asserts, <u>inter alia</u>, that he is indigent; that he only speaks Spanish; and that, notwithstanding the fact that this Court provided him with a Spanish speaking interpreter, "many of the facts of law that was presented to him during both the proceeding before the District Court and the Appeals Court were not comprehensible for him to mentally grasp the significance."

Furthermore, the defendant reports that upon his arrival at federal prison, he discussed his case with fellow inmates and determined that "it was necessary to review the proceeding of his

case further to ascertain and determine that justice was correctly served." To that end, the defendant reportedly wrote his former attorney in August 2006, and requested that counsel send to him "all pertinent documents concerning his case." However, the defendant reports that former counsel has not responded to his request.

Consequently, the defendant asks the Court to "order [former appellate counsel] to forward copies of the information of the material he has to [defendant]." In particular, the defendant asks that his former attorney be directed to send him copies of: his docket sheets; the Indictment; a "Plea Agreement"; the transcripts from his Plea and Sentencing Hearings; his Pre-Sentence Report: his Judgment and Commitment form; "[a]ny other motions or briefs filed to either court"; and "any police records that may have accompanied the legal documentation."

Were the defendant seeking free copies of the foregoing materials from the Court, his request would have to be denied for his failure to demonstrate a particularized need for the subject materials. However, the defendant's request, which is aimed at his former attorney, is another matter altogether. That is, the Court finds that it is reasonable that counsel be required to furnish the defendant with copies of the requested documents which, in any event, should be in counsel's file for the defendant. Therefore, the defendant's Motion for Printing will be <u>granted</u>.

On the other hand, the defendant's Motion for Stay and Tolling will be <u>denied</u>. To be sure, by that Motion, the defendant asks the Court "to stay the time (or toll it) in regard to the one-year deadline in which the defendant must file his §2255 Motion . . . ." Such Motion reportedly is premised on the ground that the defendant is waiting to receive the aforementioned documents from his former attorney; and that he needs to review those items before he can prepare his Motion to Vacate.

Suffice it to say, however, this Court does not have the authority to extend, either peremptorily or provisionally, the one-year limitations period which was enacted by Congress. Nor does the defendant's Motion to Stay and Toll set forth an adequate basis upon which this Court could find that the one-year deadline should be equitably tolled. Moreover, inasmuch as the defendant still has several months remaining on that one-year deadline, and the Court has agreed to direct former appellate counsel to furnish the subject documents to the defendant, the instant Motion for Stay and Tolling must be <u>denied</u>.

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. That the defendant's Motion for Printing of the Record and Transcripts is **GRANTED**;

2. That within thirty (30) days of the date of this Order, appellate counsel, Wilfred Nwauwa, shall furnish copies of the requested documents as identified herein to the defendant;

3. That the defendant's Motion for Stay and Tolling for

Time to Appeal §2255 is **DENIED**; and

    4. That the Clerk shall send copies of this Order to Wilfred Nwauwa and to the defendant.

**SO ORDERED.**

Signed: January 4, 2007

Robert J. Conrad, Jr.
Chief United States District Judge