IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07cv256
(3:05cr56)

| | |
|---|---|
| SALVADOR CASTELLANOS GARCIA, ) <br> ) <br> Petitioner, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent. ) <br> _____ ) | **O R D E R** |

**THIS MATTER** comes before the Court for an initial review of the petitioner's Motion to Vacate, Set Aside, or Correct Sentence, pursuant to 28 U.S.C. § 2255. (Doc. No. 1).

I. PROCEDURAL HISTORY

On March 2, 2005, the grand jury charged the petitioner with possessing with intent to distribute at least five hundred grams of cocaine, or aiding and abetting that offense, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count One), and possessing a firearm in furtherance of that crime, in violation of 18 U.S.C. § 924(c) (Count Two). (Case No. 3:05cr56, Doc. No. 1: Indictment). On July 15, 2005, the petitioner entered a guilty plea before a magistrate judge without a plea agreement. (Case No. 3:05cr56, Doc. No. 12: Acceptance and Entry of Guilty Plea). On October 17, 2005, this Court sentenced the petitioner to the statutory mandatory minimum sentence of 60 months' imprisonment on each count to run consecutively and entered judgment on November 3, 2005. (Case No. 3:05cr56, Doc. No. 17: Judgment). The Fourth Circuit affirmed the petitioner's conviction and sentence on July 31, 2006. (Case No. 3:05cr56, Doc. No. 32: Opinion).

In the instant timely filed Motion to Vacate, the petitioner alleges that he was denied rights under the Vienna Convention; that his attorney was ineffective for failing to review the presentence report with him; and that counsel was ineffective for leading him to believe that his total sentence would be five years' imprisonment. (Doc. No. 1: Motion at 5).

II.  DISCUSSION

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate. When it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that a petitioner is not entitled to any relief on his claims, a court must dismiss the motion.

    A.    Vienna Convention Claim

The petitioner claims he was not notified of his right to contact the Mexican embassy or consulate, in violation of the Vienna Convention. (Doc. No. 1: Memorandum at 4-7). The petitioner relies exclusively on Jogi v. Voges, 425 F.3d 367 (7th Cir. 2005), in support of his claim that a violation of the Convention entitles him to relief under § 2255. In that case, the Seventh Circuit found that a foreign national who was not informed of his rights could sue for money damages under the Alien Tort Statute, 28 U.S.C. § 1350. However, after the Supreme Court issued its decision in Sanchez-Llamas v. Oregon, 548 U.S. 331 (2006), the Seventh Circuit withdrew its earlier decision.[1] Jogi v. Voges, 480 F.3d 822, 824 (7th Cir. 2007).

In Sanchez-Llamas, the Supreme Court assumed without deciding that the Convention created a judicial remedy, but found that a violation of the Convention would not require

---

[1] The Seventh Circuit decided instead to base the foreign national's ability to sue under 42 U.S.C. § 1983. Jogi, 480 F.3d at 824.

2

suppression of evidence in a state criminal case. 548 U.S. at 337. Other courts have found that the Convention creates no individual rights. See e.g. Cornejo v. County of San Diego, 504 F.3d 853, 857 (9th Cir. 2007) (collecting cases). Significantly for this Court, the Fourth Circuit has determined that the Convention does not create enforceable constitutional rights. Murphy v. Netherland, 116 F.3d 97, 100 (4th Cir. 1997). Thus, the petitioner has not established that the alleged violation of the Convention infringed on any enforceable individual right of his.

Even if the Convention conferred such a right, the petitioner has not shown that he was prejudiced in this case. As the Supreme Court noted, the Convention merely provides for consular notification of a foreign national's arrest; it does not guarantee intervention by the consulate. Sanchez-Llamas, 548 U.S. at 349. Like the defendant in Murphy, the petitioner offers no evidence to show how contacting the Mexican consulate would have changed either his guilty plea or sentence. 116 F.3d at 100. There is no evidence that the consulate would have provided "proper legal counsel" if it had been notified, (Doc. No. 1: Motion at 5), or that such counsel, if provided, would have altered the outcome of this case. The petitioner also fails to state how the Spanish-language Miranda form is "thrown into question," (Doc. No. 1: Memorandum at 5-6), by the failure to inform him of his ability to request the consulate be informed about his arrest.[2] Thus, the petitioner has failed to establish any prejudice from the alleged violation of the Vienna Convention, and it plainly appears that he is not entitled to relief on this claim.

B. Ineffective Assistance of Counsel Claims

To establish a claim of ineffective assistance of counsel, a petitioner must show that

---

[2] The Supreme Court has recognized that suppression of evidence would be "a vastly disproportionate remedy" for a violation of the Convention. Sanchez-Llamas, 548 U.S. at 349.

3

counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by such constitutionally deficient representation. Strickland v. Washington, 466 U.S. 687-91 (1984). In measuring counsel's performance, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689; see also Fields v. Attorney General of State of Md., 956 F.2d 1290, 1297-99 (4th Cir. 1992). In the plea context, a petitioner must show that his counsel's performance was deficient and "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Fields, 956 F.2d at 1297 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985) (internal citations and quotation marks omitted)).

Courts must be able to rely on a defendant's sworn statements in a properly conducted Rule 11 plea colloquy. United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005). Thus, the strong presumption of verity of such statements presents a formidable barrier in subsequent collateral proceedings. Id. A petitioner's statements under oath expressing satisfaction with counsel are binding absent clear and convincing evidence to the contrary. Fields, 956 F.2d at 1299 (citing Blackledge v. Allison, 431 U.S. 63, 74-75 (1977)). Therefore, uncorroborated allegations in a motion to vacate contradicting prior sworn statements do not warrant an evidentiary hearing. Lemaster, 403 F.3d at 221. Moreover, statements made during Rule 11 proceedings constitute strong evidence that a plea was voluntary. United States v. DeFusco, 949 F.2d 114, 119 (4th Cir. 1991).

    1.  Failure to Review Presentence Report

The petitioner claims his counsel was ineffective for allegedly failing to review and discuss the presentence report (PSR) with him. (Doc. No. 1: Motion at 7, Memorandum at 7-8).

4

In support of his claim, the petitioner submitted an affidavit in which he states that he never saw the PSR until a few weeks before filing his Motion to Vacate. (Doc. No. 1: Affidavit at ¶ 6). However, at his sentencing hearing, the petitioner admitted that he had a chance to read the PSR and review it with his attorney. (Case No. 3:05cr56, Doc. No. 26: Tr. at 5). His counsel noted that discussion resulted in the filing of objections and a revision of the PSR. (Id.). When given a chance to speak to the Court, the defendant made no mention about the PSR. (Id. at 8). Consequently, the petitioner's uncorroborated allegation in the Motion to Vacate that his attorney failed to review the PSR with him does not warrant an evidentiary hearing.

Even if counsel failed to review the PSR with the petitioner, he suffered no prejudice from the error. As the Fourth Circuit noted in its opinion, the sentence in this case was determined by the statutory mandatory minimums contained in 21 U.S.C. 841(b)(1)(B) and 18 U.S.C. § 924(c)(1)(A)(i). (Case No. 3:05cr56, Doc. No. 32: Opinion at 2). The petitioner has not identified any information contained in or missing from the PSR that would have resulted in a different sentence. Additionally, he has not shown that but for the alleged error he would have moved to withdraw his plea and proceeded to trial. Consequently, it plainly appears that the petitioner is not entitled to relief on this claim.

        2.        Failure to Inform of Consecutive Penalties

The petitioner alleges that his counsel incorrectly led him to believe that the most time he could receive was five years and that the counts would not be consecutive. (Doc. No. 1: Motion at 5, Memorandum at 8-9, Affidavit at ¶ 7). In support of his claim, the petitioner asserts that he was told by counsel to answer the questions during the plea hearing "in a positive manner." (Doc. No. 1: Memorandum at 7).

During that hearing, the magistrate judge informed the petitioner that the drug charge subjected him to a five-year minimum term of imprisonment and the gun charge carried a "five year consecutive or additional minimum term of imprisonment. . ." (Case No. 3:05cr56, Doc. No. 25: Tr. at 11). The defendant, under oath, responded that he understood those penalties. (Id. at 12). After the petitioner told the magistrate judge that his counsel had not discussed how levels in the Sentencing Guidelines would apply to his case, the magistrate judge responded:

> Now, I have described to you the statutory penalties that you face, five year minimum for the drugs, five year consecutive for the firearm, so there are ten years of statutory minimum sentences required unless you decide to cooperate with the government and they conclude that you have provided substantial assistance and make a motion for downward departure.

(Id. at 13). Counsel then informed the magistrate judge that the Sentencing Guidelines would require the statutory minimum sentence and that he had discussed this with the petitioner with the assistance of an interpreter. (Id. at 13-14). The petitioner denied that anyone had made any promise of a sentence less that what the magistrate judge had explained; stated that he was satisfied with his counsel's services; and asked no questions when given the chance to do so. (Id. at 28-31).

At the sentencing hearing, the petitioner affirmed that his answers before the magistrate judge were true and that he would not change any of his answers if asked the same questions again. (Case No. 3:05cr56, Doc. No. 26: Tr. at 3). Thus, the petitioner's uncorroborated claim in the Motion to Vacate that his counsel led him to believe he would only receive a five-year sentence is contradicted by his sworn response at the Rule 11 hearing and his admission at sentencing, both of which were conducted with the assistance of an interpreter. The magistrate judge clearly informed the defendant he faced a minimum sentence of ten years' imprisonment

6

and the defendant did not raise any concerns in the sentencing hearing when that punishment was imposed.³ Accordingly, no evidentiary hearing is warranted and it plainly appears that he is not entitled to relief on this claim.

III. CONCLUSION

The Court has considered the motion and documents submitted by the petitioner along with the entire record of this matter and finds it is clear that he is not entitled to relief on any of his claims.

**IT IS, THEREFORE, ORDERED** that the petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED.**

Signed: October 16, 2008

Robert J. Conrad, Jr.
Chief United States District Judge

---

³ Even if counsel misinformed him about the likely penalty, the properly conducted plea hearing erased any prejudice. <u>United States v. Foster</u>, 68 F.3d 86, 88 (4th Cir. 1995).